Julius **LAMPERT** et ux., Plaintiffs,

v.

**REYNOLDS METALS COMPANY,** a corporation, et al., Defendants.

Civ. No. 265–59.

United States District Court
D. Oregon.

March 28, 1960.

Herbert H. Anderson, Portland, Or., for plaintiffs.

Fredric A. Yerke, Jr., Portland, Or., for defendants.

The defendants have filed herein 19 written interrogatories that the plaintiffs state the size, number and variety of bulbs planted and harvested (relative productivity of lands) by them on their own and rented lands in the years 1954 through 1959, and to give the basis or computation of claimed damages resulting from alleged trespass and nuisance (settling of fluorine and fluoride compounds) upon and toward their lands. Interrogatories numbered 1 through 10 concern the years 1954 through 1956, and interrogatories numbered 11 through 19 concern the years 1957, 1958 and 1959.

Under the allegations of the complaint, the years 1957, 1958 and 1959 are claim years, and the plaintiffs are willing and will make answer to the interrogatories numbered 11 through 19.

■ Plaintiffs have objected to defendants' interrogatories numbered 1 through 10, concerning the years 1954 through 1956, on two grounds:

(1) That plaintiffs make no claim in this action for those mentioned years and, further, that said years were involved in a prior law suit which was compromised and settled; and

(2) Answering said interrogatories would be burdensome and the information requested is irrelevant, or in any event of slight probative value.

■ The second ground has no merit for the reason that it cannot be burdensome to tell or advise as to the particulars of matters of which one complains. Carter v. Atlanta Enterprises, D.C.Ga. 1956, 19 F.R.D. 362, 363.

As to ground number 1, the relative productivity of the lands involved, as well as elements of claimed damage, may or may not become relevant, depending upon the course of action plotted and the evidence offered by the plaintiffs during the trial of this cause upon its merits. It can easily be anticipated that evidence of relative productivity of plaintiffs' lands as well as rented lands in years prior to the claim years, would be admissible. United Verde Extension Mining Co. v. Ralston, 1931, 37 Ariz. 554, 296 P. 262, 266. Indeed, it is to be anticipated that the plaintiffs will offer such evidence, and yet the plaintiffs wish to restrict discovery in that field. I should like to paraphrase Chief Judge Chambers in Reynolds Metals Co. v. Yturbide, 9 Cir., 258 F.2d 321, 335:

" * * * I would let a plaintiff restrict the answering of interrogatories (taking of testimony on depositions) at his own risk, if he should later offer to testify in the restricted area. And, as a trial judge, I would think it plaintiff's error, not mine."

So, pursuant to the further admonition of Chief Judge Chambers and to give effect and establish an ascertainable Oregon policy to "stop a game of ducks and drakes," I conclude that plaintiffs' objec-

tions to defendants' interrogatories numbered 1 through 10 are sustained except insofar as plaintiffs intend to offer evidence of:

(1) Relative productivity of plaintiffs' lands and lands rented by plaintiffs; and

(2) Computation of claimed damages

in any given year prior to 1957. To this extent of the exception, plaintiffs should make answer to interrogatories 1 through 10 or be foreclosed under threat of mistrial to offer such evidence at the time of trial.

It is so ordered.