**HEINOLD HOG MARKET, INC., a Delaware Corporation, Plaintiff,**

v.

**SUPERIOR FEEDERS, INC., an Oklahoma Corporation and O. C. Elliott, Defendants.**

No. CIV–76–0678–T.

United States District Court, W. D. Oklahoma.

March 9, 1977.

Robert J. Petrick of Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for plaintiff.

Jim W. Lee, Oklahoma City, Okl., for defendants.

MEMORANDUM OPINION AND ORDER

RALPH G. THOMPSON, District Judge.

This action was tried to the Court without a jury on March 9, 1977. Plaintiff Heinold Hog Market, Inc., a Delaware corporation, appearing by its counsel Robert J. Petrick of Fenton, Fenton, Smith, Reneau

& Moon, and defendants Superior Feeders, Inc., an Oklahoma corporation and O. C. Elliott, also appearing personally, were represented by their counsel Jim W. Lee. The parties submitted all evidence and exhibits by stipulation. Having heard and considered all such evidence and the arguments of counsel, the Court files this Memorandum Opinion and Order which shall constitute its findings of fact, conclusions of law and judgment herein.

Heinold Hog Market, Inc. is a corporation organized and existing under the laws of the State of Delaware with its principal place of business in Kouts, Indiana. Defendant Superior Feeders, Inc. is an Oklahoma corporation with its principal place of business in Oklahoma. Defendant O. C. Elliott is a citizen of the State of Texas. The amount in controversy being in excess of $10,000, this Court has jurisdiction over the person and subject matter of the action by reason of 28 U.S.C. § 1332.

Prior to December 4, 1974, plaintiff and defendant, Superior Feeders, Inc. engaged in a business venture as a result of which such defendant became indebted to plaintiff in the total sum of $48,529.25. Superior Feeders, Inc., was suspended by the Oklahoma Tax Commission from doing business in the State of Oklahoma on or about February 28, 1975, by reason of nonpayment of franchise tax.

■ During such period of suspension, on or about June 17, 1975, defendant O. C. Elliott, as president of Superior Feeders, Inc. signed a note in payment to plaintiff of the previously incurred and created indebtedness of Superior Feeders, Inc. The note, with its due date of June 15, 1976, was a new promise to pay a like amount at such future time, and thus the extension of time for payment and the forbearance of suit for such period each constitutes consideration for the note. *Ross v. Russell*, 475 P.2d 152 (Okl.1970); *Anderson v. Barr*, 178 Okl. 508, 62 P.2d 1242. During the period of extension or forbearance by this plaintiff, property of the defendant corporation was foreclosed upon by other creditors, thus denying this plaintiff access to such assets in pay-ment of its debt and thus has suffered detriment. The note is due, demand has been made, it is unpaid and is thus in default.

■ Plaintiff now brings suit on this corporate note signed by defendant O. C. Elliott as president of Superior Feeders, Inc. The note was executed and the debt thereunder incurred while defendant Superior Feeders, Inc. was suspended from doing business in Oklahoma by the Oklahoma Tax Commission by reason of the nonpayment of franchise tax. Title 68 O.S.1971 § 1212(c) provides in pertinent part:

"(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this State after such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. * * * "

The Court finds and concludes that pursuant to such statute the defendant O. C. Elliott, as an officer of the then suspended corporation, is deemed and held to be individually and personally liable on the note.

The parties are not in dispute that the corporate defendant, Superior Feeders, Inc. is liable on the note. The Court finds and concludes that it is so liable and judgment should enter against it accordingly.

It is ordered that judgment be and it is hereby entered in favor of the plaintiff and against the defendants, jointly and severally, in the sum of $48,529.25 with interest thereon at 9% per annum from June 15, 1975 to this date, and with interest at 10% from the date of this judgment.

It is so ordered this 9th day of March, 1977.