FLOUR MILLS OF AMERICA, INC., a
Delaware Corporation, d/b/a Durant
Milling Company, Plaintiff,

v.

D. F. PACE, a/k/a Bob Pace, d/b/a
Pace Feed Stores, Defendant.

No. 76–358–C.

United States District Court,
E. D. Oklahoma.

May 19, 1977.

John E. Sargent, Jr., Oklahoma City, Okl., for plaintiff.

Joe Stamper, Mike Burrage, Antlers, Okl., for defendant.

## ORDER

DAUGHERTY, Chief Judge.

This is an action to recover an amount Defendant allegedly owes Plaintiff for feed and other farm related products supplied to Defendant pursuant to an open account. Defendant has filed a Counterclaim seeking to recover damages for Plaintiff's alleged breach of a contract whereby Defendant was to purchase certain feeds from Plaintiff and then haul and sell the feeds on a designated route. It is asserted that this Court has diversity and amount in controversy jurisdiction over the subject matter pursuant to 28 U.S.C. § 1332.

Defendant has filed herein a Motion to Dismiss for Plaintiff's Lack of Capacity to Sue, Renewal of Motion to Dismiss for Lack of Jurisdiction and Motion for Order Pursuant to Rule 37 of the Federal Rules of Civil Procedure. Defendant has filed a Brief in support of said Motions and Plaintiff has filed a Brief in Opposition to the Motions to Dismiss. The Court will consider the Motions seriatim.

### MOTION TO DISMISS FOR PLAINTIFF'S LACK OF CAPACITY TO SUE

In support of this Motion, Defendant contends that Plaintiff lacks capacity to bring the instant action as said action is based upon an account which is voidable under Oklahoma law. Defendant asserts that on January 29, 1971, Plaintiff, a Delaware corporation, was suspended from doing business in Oklahoma by the Oklahoma Tax Commission and the Secretary of State of Oklahoma for failure to pay its annual franchise tax; that, under Oklahoma law, any contract executed by Plaintiff after and during the aforementioned suspension is voidable; that all of the transactions upon which Defendant bases the instant action were executed after the date of and during said suspension and are therefore voidable; and that Plaintiff therefore lacks capacity to bring the instant action as it is based upon a voidable account.

In its Brief in response to Defendant's Motions, Plaintiff claims that it was rein-

stated to "good standing" by the Secretary of State of Oklahoma on January 31, 1977 and that this reinstatement relates back to the date of suspension and restores Plaintiff to all former powers. Plaintiff contends that the reinstatement makes it as if the Plaintiff had never been suspended and makes valid the transactions involved in the account upon which the instant action is based.

Rule 17(b), Federal Rules of Civil Procedure, provides in part:

"*Capacity to Sue or be Sued.* . . . The capacity of a corporation to sue or be sued shall be determined by the law under which it was organized. . . ."

As the Plaintiff was incorporated in Delaware, the law of that state determines whether it has capacity to sue. *Sun Pipe Line Co. v. Altes*, 511 F.2d 280 (8 Cir. 1975); *Johnson v. Helicopter & Airplane Services Corp.*, 404 F.Supp. 726 (D.Md.1975); *United States, Triangle Landscaping Corp. v. Home Insurance Co.*, 403 F.Supp. 320 (N.D. Ill.1975); *Weinstock v. Sinatra*, 379 F.Supp. 274 (C.D.Cal.1974). The Defendant has not presented any argument to the Court that Plaintiff lacks capacity to sue in Delaware. Accordingly, from the pleadings, motions and briefs now before it, the Court is unable to conclude that the Plaintiff lacks capacity to sue under the laws of Delaware. In view of this, it would appear that Plaintiff has capacity under Rule 17(b), *supra*, to bring the instant action in this Court.

■ However, even though a corporation has capacity to sue if it is entitled to sue according to the law under which it was organized, it still may be deprived of a federal forum for noncompliance with a corporate registration or other door-closing statute of the forum state. Wright & Miller, Federal Practice and Procedure: Civil § 1569. Where "one is barred from recovery in the state court, he should likewise be barred in the federal court." *Woods v. Interstate Realty Co.*, 337 U.S. 535, 69 S.Ct. 1235, 93 L.Ed. 1524 (1949). As Justice Frankfurter noted regarding the case of *Erie Railroad Co. v. Tompkins*[1] in his opinion in *Angel v. Bullington*, 330 U.S. 183, 67 S.Ct. 657, 91 L.Ed. 832 (1947):

"That decision drastically limited the power of federal district courts to entertain suits in diversity cases that could not be brought in the respective State courts or were barred by defenses controlling in the State courts."

In determining if the Plaintiff in the instant action is barred from recovery under Oklahoma law, an examination of the record reveals that on January 29, 1971 the Secretary of State of Oklahoma, upon order of the Oklahoma Tax Commission, suspended the Plaintiff for failure to file an Annual Franchise Tax Return. 18 Okla.Stat.1971, § 1.198a provides:

"*Suspension, revocation or cancellation on order of Tax Commission*

Whenever the Secretary of State receives from the Oklahoma Tax Commission any order suspending or forfeiting the charter of or the right of any corporation to do business in this State, as provided in Section 1212 of Title 68, it shall be the duty of said Secretary of State to enter such order of suspension, revocation or cancellation of the charter of or right of any corporation to do business in this State upon the corporate records of his office. Upon the filing of satisfactory proof that the Oklahoma Tax Commission has, as provided in the Oklahoma Franchise Tax Code, reinstated the charter or right of the corporation to do business in this State, it shall be the duty of the Secretary of State to enter such reinstatement upon the corporate records of his office."

68 Okla.Stat.1971 § 1212 provides in part:

"*Suspension and forfeiture*

(c) Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation, association or organization. In any suit against such corporation, association or organization on a

---

**1.** 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487 (1938).

cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation, association or organization unless its right to do business in this State shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, association or organization, after such forfeiture as provided herein, is hereby declared to be voidable."

On January 31, 1977, the Secretary of State of Oklahoma issued a Certificate of Good Standing to the Plaintiff. This act of reinstating the Plaintiff's right to do business in Oklahoma relates back to the date of the suspension of Plaintiff and restores it to all its former powers, including the right to maintain this action.[2] *R. V. McGinnis Theaters v. Video Independent Theatres, Inc.,* 262 F.Supp. 607 (N.D.Okla.1967) *aff'd* 386 F.2d 592 (10 Cir. 1967) *cert. denied,* 390 U.S. 1014, 88 S.Ct. 1265, 20 L.Ed.2d 163 (1968).

█ In view of the foregoing, the Court finds and concludes that Plaintiff has the capacity[3] to maintain the instant action.

## RENEWAL OF MOTION TO DISMISS FOR LACK OF JURISDICTION

Upon consideration of the Defendant's Renewal of his Motion to Dismiss for lack of diversity jurisdiction herein and the Plaintiff's Brief in opposition thereto, the Court concludes that said Motion should be overruled. Defendant has failed to set out any basis upon which the Court should reconsider its Order dated February 11, 1977

overruling Defendant's original Motion to Dismiss for lack of diversity jurisdiction.

## MOTION FOR ORDER PURSUANT TO RULE 37 OF THE FEDERAL RULES OF CIVIL PROCEDURE

█ On or about April 8, 1977, Defendant served interrogatories on the Plaintiff. On or about May 9, 1977, Plaintiff filed its Answers to said interrogatories. In its Answers, Plaintiff objected to several of the interrogatories. Defendant has now filed a Motion for Order Pursuant to Rule 37 of the Federal Rules of Civil Procedure, requesting the Court to direct Plaintiff to answer those interrogatories objected to. Said Motion is accompanied by a Brief.

Rule 33, Federal Rules of Civil Procedure, provides in part:

"(a) *Availability; Procedures for Use.* Any party may serve upon any other party written interrogatories to be answered by the party served . . . .

Each interrogatory shall be answered separately and fully in writing under oath, unless it is objected to, in which event the reasons for objection shall be stated in lieu of an answer. . . .

(b) *Scope* . . . Interrogatories may relate to any matters which can be inquired into under Rule 26(b), . . ."

Rule 26(b)(1), *supra,* provides, in part, that discovery may be obtained "regarding any matter, not privileged, which is relevant to the subject matter involved in the pending

**2.** 18 Okla.Stat.1971 § 1.199 provides in part:
"*Domestication of foreign corporation*
d. A foreign corporation, upon receiving a certificate of domestication from the Secretary of State, shall enjoy the same rights and privileges as, but none greater than, a domestic corporation organized for the purposes set forth in the articles of domestication pursuant to which such certificate of domestication is issued; and, except as in this Act otherwise provided, shall be subject to the same duties, restrictions, penalties, and liabilities now or hereafter imposed upon a domestic corporation with like purpose and of like character."
18 Okla.Stat.1971 § 1.19 provides in part:
"*General powers common to all domestic corporations*

Every domestic corporation shall, in so far as incidental to the transaction of its business or expedient for the attainment of the purposes stated in its articles of incorporation, have and possess the following general powers:
(1) To sue and be sued in its corporate name;"

**3.** Plaintiff's "capacity to sue" is to be distinguished from its possession of a "cause of action." The law recognizes "capacity to sue" as the Plaintiff's personal right to come into court, and its "cause of action" as its right to relief under the facts of the case it brings. *DeFranco v. United States,* 18 F.R.D. 156 (S.D. Cal.1955); *United States v. Association of American Railroads,* 4 F.R.D. 510 (D.Neb.1945).

action." *Schlagenhauf v. Holder,* 379 U.S. 104, 85 S.Ct. 234, 13 L.Ed.2d 152 (1964). Relevancy is broadly construed at the discovery stage of litigation and a request for discovery should be considered relevant if there is any possibility that the information sought may be relevant to the subject matter of the action. *Smith v. Schlesinger,* 168 U.S.App.D.C. 204, 513 F.2d 462 (1975); *Detweiler Bros., Inc. v. John Graham and Company,* 412 F.Supp. 416 (E.D.Wash.1976); *Cleo Wrap Corp. v. Elsner Engineering Works, Inc.,* 59 F.R.D. 386 (M.D.Pa.1972); *Balistrieri v. O'Farrell,* 57 F.R.D. 567 (E.D. Wis.1972). Discovery rules are to be accorded a broad and liberal treatment. *Hickman v. Taylor,* 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451 (1947).

 Any denial of an interrogatory which .is calculated to lead to evidence would thwart the purposes of the Federal Rules of Civil Procedure. *Hartsfield v. Gulf Oil Corp.,* 29 F.R.D. 163 (E.D.Pa.1962). Rule 33, *supra,* does not sanction oppression by interrogatories. An objection will be sustained if either a particular interrogatory or a set of interrogatories is thought by the Court to be so broad and all inclusive as to be burdensome. Wright & Miller, Federal Practice and Procedure: Civil § 2174. In making that determination the Court must balance the burden on the interrogated party against the benefit that having the information would provide to the party submitting the interrogatory. *Rich v. Martin Marietta Corp.,* 522 F.2d 333 (10 Cir. 1975). The burden is on the objecting party to show why an interrogatory is improper. *United States v. 58.16 Acres of Land, more or less in Clinton County, State of Ill.,* 66 F.R.D. 570 (E.D.Ill.1975); *Rogers v. Tri-State Materials Corp.,* 51 F.R.D. 234 (N.D. W.Va.1970).

In the instant Motion, Defendant considers Plaintiff's answers to Interrogatories Nos. 9, 15, 16, 18 and 20 to be unsatisfactory. Interrogatory No. 9 seeks information relating to the amount Plaintiff alleges Defendant is indebted to Plaintiff. Defendant contends that this interrogatory goes to the interest charges and possible violations of the Uniform Consumer Credit Code by Defendant. Interrogatory No. 15 asks the Plaintiff if it maintained and sold feed and/or farm related products from more₊than one price list and/or lists. Interrogatory No. 16 requests information relating to the price lists referred to in Interrogatory No. 15 and is contingent upon the Plaintiff giving an affirmative answer to Interrogatory No. 15. Interrogatory No. 18 inquires into various details concerning Plaintiff's having sold feed and/or farm related products to other customers at a price lower than that charged Defendant. Interrogatory No. 20 requests information concerning Plaintiff's sale of a certain type of feed to a specified person and the sale of the same type of feed to Defendant. Defendant asserts that the information requested in Interrogatories Nos. 15, 16, 18 and 20 related to Defendant's contentions of unfair price discrimination and restraint of trade by Plaintiff. All of Defendant's requests in the aforementioned interrogatories would appear to meet the liberal relevancy standard of Rule 26(b)(1), *supra.*

 Plaintiff responds to Interrogatory No. 9 as follows: "Plaintiff objects to this Interrogatory for the following reasons:

(i) The information requested with respect to the documents in possession of plaintiff may be derived or ascertained directly from such documents, the burden of so deriving such information is substantially the same for both defendant and plaintiff and the specified records are available for defendant's reasonable opportunity to inspect; and

(ii) Defendant should have possession of copies of all documents requested by defendant and it is therefore burdensome for plaintiff to produce these documents."

 The Court finds that such an answer is insufficient. An interrogatory will not be held objectionable as calling for research if it relates to details alleged in the pleading of the interrogated party, about which it presumably has information, or if the interrogated party would gather the information in the preparation of its own case.

*Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc.*, 64 F.R.D. 459 (S.D.N.Y.1974); *Sargent-Welch Scientific Co. v. Ventron Corp.*, 59 F.R.D. 500 (N.D.Ill.1973); *United States v. 216 Bottles, more or less etc.*, 36 F.R.D. 695 (E.D.N.Y.1965); *Lampert v. Reynolds Metals Co.*, 25 F.R.D. 175 (D.Or.1960) *rev'd on other grounds*, 316 F.2d 272 (Ninth Cir. 1963) *cert. denied*, 376 U.S. 910, 84 S.Ct. 664, 11 L.Ed.2d 608 (1964). An examination of Plaintiff's response to this interrogatory discloses that Plaintiff has possibly attempted to invoke the procedures of Rule 33(c), *supra*.[4] Plaintiff's answer does not properly invoke such procedures.[5] Defendant's Motion should be sustained as to Interrogatory No. 9 and the Plaintiff is hereby directed to file a Supplemental Answer to said Interrogatory.

■■■ As Interrogatories Nos. 15 and 16 are related, the Court will treat these together. Interrogatory No. 15 asked the following question of Plaintiff:

"If the answer to the preceding Interrogatory is in the affirmative, do you maintain and sell such feed and/or farm related products from more than one price list and/or lists."

Plaintiff, who affirmatively answered Interrogatory No. 14, responded to Interrogatory No. 15:

"No; defendant was sold feed at a price determined only from the wholesale dealer price list."

Interrogatory No. 16, which was contingent upon Interrogatory No. 15 being answered in the affirmative, asked for various details concerning the price lists referred to in Interrogatory No. 15. Defendant in his Motion contends that the answer given by Plaintiff to Interrogatory No. 15 was not responsive to the question asked. The Court does not agree. It would appear that the Plaintiff has answered the question asked. A cryptic question invites an inscrutable answer. *Pressley v. Boehlke*, 33 F.R.D. 316 (W.D.N.C.1963). Defendant's Motion with regard to Interrogatories Nos. 15 and 16 should be overruled.

■■■ Plaintiff responded to both Interrogatories Nos. 18 and 20 in the same manner. Said responses provided:

"Plaintiff objects to this Interrogatory for the reason that the information requested with respect to the documents in the possession of plaintiff may be derived or ascertained directly from such documents, the burden of so deriving such information is substantially the same for both defendant and plaintiff and the specified records are available for defendant's reasonable opportunity to inspect."

---

4. This subdivision provides:

"*Option to Produce Business Records.* Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, or from a compilation, abstract or summary based thereon, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries."

5. The Tenth Circuit, in *Daiflon, Inc. v. Allied Chemical Corp.*, 534 F.2d 221 (10 Cir. 1976), stated:

"Rule 33(c) gives the party served the option of producing records from which the answer can be obtained instead of preparing a direct answer when ' . . . the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served . . .' [sic] The party served must specify the records and cannot merely indicate that the information sought may or may not be found in the records made available. *In re Master Key Antitrust Litigation*, 53 F.R.D. 87 (D.Conn.1971). The notes of the Advisory Committee on Rules indicate that subdivision c relates ' . . . especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records in order to give an answer.' Moreover, if an answer is readily available in a more convenient form, Rule 33(c) should not be used to avoid giving the ready information to a serving party. *See Atlanta Fixture & Sales Co. v. Bituminous Fire & Marine Ins. Co.*, 51 F.R.D. 311 (N.D.Ga.1970)."

The Court finds that the answers to both Interrogatories Nos. 18 and 20 are insufficient. A broad statement that the information sought is available from a mass of documents and that the documents are available for inspection simply is not a sufficient response to satisfy the aims of discovery. *Harlem River Consumers Cooperative, Inc. v. Associated Grocers of Harlem, Inc., supra.* A party cannot refuse to answer an interrogatory simply because he would have to consult books or documents in order to prepare a response. *King v. Georgia Power Company,* 50 F.R.D. 134 (N.D.Ga.1970). Plaintiff's responses to these interrogatories appear to be an attempt to exercise the option to produce business records contained in Rule 33(c), *supra.* If so, the responses by the Plaintiff do not appear to conform to the requirements of said Rule. Defendant's Motion should be sustained as to Interrogatories Nos. 18 and 20 and the Plaintiff is directed to file a Supplemental Answer to said Interrogatories.

The Plaintiff is ordered to file the Supplemental Answers to Interrogatories Nos. 9, 18 and 20 on or before May 25, 1977.

It is so ordered this 19th day of May, 1977.