**HEINOLD HOG MARKET, INC., a Delaware Corporation, Plaintiff-Appellee,**

v.

**SUPERIOR FEEDERS, INC., an Oklahoma Corporation, and O. C. Elliott, Defendants-Appellants.**

No. 77–1473.

United States Court of Appeals, Tenth Circuit.

Argued Nov. 13, 1978.

Decided Jan. 8, 1979.

Jim W. Lee, Oklahoma City, Okl. (Gary L. Gallagher, Oklahoma City, Okl., with him on briefs), for defendants-appellants.

Robert J. Petrick, Fenton, Fenton, Smith, Reneau & Moon, Oklahoma City, Okl., for plaintiff-appellee.

Before SETH, Chief Judge, and DOYLE and McKAY, Circuit Judges.

SETH, Chief Judge.

This is a diversity action brought to enforce a promissory note.

During 1974 Heinold and Superior were co-venturers in an unsuccessful cattle feeding operation. The venture was terminated and Heinold furnished to Superior an accounting and requested payment of its

pro rata share of the loss, in the amount of $48,529.25. When payment was not made on the statement of account, Heinold's attorney contacted Superior on several occasions by mail regarding arrangements to pay the debt and suggested a note. Presumably in response to Heinold's letters, Elliott who apparently at that time was a resident of Texas, prepared a promissory note in the amount of the debt, executed it as president of Superior and forwarded to Heinold. In subsequent letters the parties discussed possible modifications of the terms stated on the note. However, the record does not reflect the nature of the eventual agreement or if there even was one.

Heinold demanded payment of the note. When that failed to produce the desired result, Heinold notified Elliott that it was commencing litigation and this action was filed.

Trial was to the court. The evidence consisted entirely of a dozen or so pieces of documentary evidence submitted by plaintiff and oral stipulations of fact which were made by counsel during trial. There was no live testimony. As the evidentiary portion of the trial progressed, there was a marked departure from what began as an orderly statement of agreed facts. Both sides seem to agree that the underlying nature of the note—whether mere evidence of the original debt or payment of that debt—was the pivotal issue and a disputed point of fact. Although the district court offered to allow the reception of more evidence, both sides declined the offer and rested their respective cases.

The district court's findings and conclusions were contained in a Memorandum Opinion, 454 F.Supp. 57. Judge Thompson found, inter alia, that the note was given during the period of Superior's suspension and in payment of a previously incurred indebtedness. He also found that the note with its due date in the future was an extension of time to pay and that such forbearance of suit during that period constituted adequate consideration for the new promise to pay. Further, because the note

had been executed by Elliott as president of Superior and the debt was incurred while Superior was suspended, a certain provision of Oklahoma law made him individually liable on the note. This appeal followed.

On the issue of the denial of defendants' motion for a new trial, the defendants had sought expanded consideration of whether the promissory note was itself a binding promise to pay, or instead evidence of a past indebtedness. Whether or not the note was in fact supported by consideration became the critical issue at trial.

■ Prior to the defendants' motion for a new trial, the Judge in the Memorandum Opinion stated the plaintiff had successfully shown a forbearance from suit, which provided the requisite consideration. Relying on *Ross v. Russell*, 475 P.2d 152 (Okl.1970), the court found the instant defendants had similarly sought and received a forbearance by plaintiff from suing on the debt owed the plaintiff. But the correspondence serving as evidence of the transactions between the parties simply neither proves nor disproves forbearance. What had transpired between the parties with respect to whether avoidance of a lawsuit was contemplated by the parties was not developed. At this point in the proceedings there was a failure of proof by either side as to the legal question of consideration. The "stipulation" confused the issue. Since there was an insufficient factual framework developed by the parties, upon which to find for either party, the denial of this motion was erroneous.

■ As stated in *Brutsche v. Commissioner of Internal Revenue*, 585 F.2d 436 (10th Cir. 1978), the function of appellate review is to decide whether the correct rule of law was applied to the facts found. When there has been an insufficient development of the facts by the parties, so as to amount to the failure of proof of either position advanced, then the condition precedent to the invoking of appellate review has not been satisfied. A remand for further development of the facts must follow. In the instant case the court erred in relying on *Ross v. Russell*, 475 P.2d 152 (Okl.1970),

when, as mentioned, the factual development had not yet progressed sufficiently to determine whether *Ross* was applicable. A new trial with the opportunity to both sides to bring forth more evidence is thus required.

Reversed and remanded.