**NICHOLS–HOMESHIELD, INC., A corporation, Plaintiff,**

v.

**MID–AMERICAN CONSTRUCTION SUPPLY, INC., a corporation; Dub Wheeler; Henry Aruffo; and A. A. Wheeler, Defendants.**

**No. 55466.**

Supreme Court of Oklahoma.

March 23, 1982.

James D. Tack, Jr., Oklahoma City, for plaintiff.

William R. Thompson, Thompson & Williams, Inc., Oklahoma City, for defendants.

HARGRAVE, Justice.

This case is before us pursuant to the Oklahoma Certification of Questions of Law Act, 20 Okla.Stat.1981 § 1601, *et seq.*, upon the motion of the U.S. District Court for the Western District of Oklahoma. The

question of law here certified for our determination is:

Does 68 Okla.Stat. § 1212(c), creating personal liability in trustees, directors and officers of a corporation whose right to do business has been forfeited, apply when the debts were incurred after the corporation has taken steps for reinstatement, including payment of the reinstatement fee, but before the order reinstating the corporation's right to do business is issued by the Oklahoma Tax Commission?

The defendant corporation failed to comply with the Oklahoma Franchise Tax Act through its failure to submit its balance sheet to the Oklahoma Tax Commission, as required by 68 O.S. 1971 § 1210. A notice of suspension and forfeiture was issued to the Corporation by the Commission on March 9, 1979. The corporation paid the $5.00 reinstatement fee and submitted its balance sheet to the Commission on March 13, 1979. On April 16, 1979, the Commission issued its order reinstating the corporation. In the interim, however, on March 30, 1979, the corporation incurred a debt which is the subject of this suit. Following the commencement of the suit, in which the individual defendants were sued personally as officers and directors of defendant Mid-American, the corporation obtained an order *nunc pro tunc* from the Tax Commission, correcting the reinstatement date to March 13, 1979, the date the corporation took steps to comply with the Franchise Tax Act.

■ The plaintiff argues that the individual defendants are personally liable for the debts which were incurred during the period of suspension, pursuant to 68 O.S. 1971 § 1212(c). Conversely, the defendants contend that the reinstatement is effective as of the date of compliance, March 13, 1979, as corrected by the Commission's second order.

The precise question before us has never been addressed by this Court. The United States District Court of the Western District addressed an issue pertaining to § 1212(c) in *Heinold Hog Market v. Superior Feeders, Inc.*, 454 F.Supp. 57 (W.D.Okl.

1977). In that case, the Court held that a corporate officer was personally liable for a debt incurred during the period of suspension. The factual setting is not identical to the case before us; however, our reading of § 1212(c) indicates that the outcome and reasoning should not render a different result. In *Heinold*, no mention is made of steps taken by the corporation toward reinstatement. In the instant case, efforts were made to reinstate the corporation prior to incurring the debt in question. The defendant argues that this factual distinction is decisive in its favor, because steps toward reinstatement had been taken, although an order had not yet been issued. However, a reading of the plain language of the statute indicates to us that no such distinction was intended by the legislature. The pertinent part of § 1212(c) is as follows:

"(c) Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this State *after such forfeiture and before the reinstatement of the right of such corporation to do business*, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners." (Emphasis added.)

We believe that the legislature intended the personal liability of the corporate trustees, directors and officers to continue until reinstatement occurs. If we accepted the defendant's argument, the portion of the statute emphasized above would instead read: "after such forfeiture and before the date of compliance by the corporation." Reinstatement requires action to be taken by the Tax Commission after it is certain that the corporation has complied with the statute. Until the Commission takes such action, the individuals who incurred the debt are liable.

■ The defendants further argue that 68 O.S. 1971 § 1212(f) mandates immediate reinstatement upon compliance with the Franchise Tax Act. Section 1212(f) is as follows:

"(f) After the issuance of such order of suspension and forfeiture by the Tax Commission, the charter or other instrument of organization may only be revived and reinstated upon the payment of the accrued fees and penalties and a reinstatement fee in the amount of Five Dollars ($5.00), and a showing by the corporation, association or organization of a full compliance with the laws of this State. Such payment of accrued fees and penalties must be made prior to the expiration of the time provided in such charter or other instrument of organization for the life of such corporation, association or organization.

The above statute prescribes the steps which must precede reinstatement. Nowhere does it say that reinstatement is effective as of the date of payment or compliance. "A showing by the corporation . . . of full compliance with the laws of this State" indicates to us that some action is required from the Tax Commission to determine that the corporation has made the proper showing.

The defendants' references to cases which support a reinstatement date retroactive to the date of suspension are not persuasive. *J. D. Simmons, Inc. v. Alliance Corp.,* 79 F.R.D. 547 (W.D.Okla.1978), holds that once properly reinstated, a corporation may sue or defend itself against suits filed during suspension, indicating that the reinstatement date was retroactive to the date of suspension. However, the Court made clear that the scope of its holding was narrow: it held only that § 1212(c) did not prevent a corporation from defending a suit filed against it during suspension once it had been reinstated properly. "No intimation of the effect of Section 1212(c) on other issues which are or may be raised is intended." 79 F.R.D. at 548.

The defendants place great emphasis upon the fact that the purpose of Section 1212(c) is to raise revenue, and that once taxes and fines are paid, the purposes of § 1212(c) are met. *Simmons* is cited as authority. As we said above, that case relates only to the corporation's ability to sue or defend. We do agree that the purpose of 1212(c) is raising revenue. This is accomplished by "discouraging corporate transactions after suspension by imposition of personal liability for post-suspension corporate debts knowingly incurred by corporate officers and directors." *Phillips & Stong Eng. Co. v. Howard B. James Assoc., Inc.,* 529 P.2d 1013, 1015 (Ct.App.1974). That Court did not say, however, that the corporation's existence is renewed *instantaneously* upon payment of taxes or compliance with the statute. The statute is used to encourage the payment of franchise taxes, because if they are not paid, the corporate officers and directors are on notice by § 1212(c) that they are personally liable *until the corporation is reinstated.*

We hold that corporate officers, directors and trustees are personally liable for the debts incurred by the corporation after suspension and before reinstatement is issued, pursuant to § 1212(c), notwithstanding the fact that steps have been taken toward reinstatement. Until the reinstatement order is issued, personal liability remains.

IRWIN, C. J., BARNES, V. C. J., and LAVENDER, SIMMS, DOOLIN, OPALA and WILSON, JJ., concur.

HODGES, J., dissents.