**BETHLEHEM STEEL CORPORATION,**
Appellant,

v.

**Gene E. GIESE and Lee M. Holmes, Appellees,**

and

**Gloria Giese, Appellee,**

and

**Leaf Incorporated, a corporation, (Defendant).**

Nos. 59386, 59587.

Supreme Court of Oklahoma.

May 22, 1984.

Ames, Daugherty, Black, Ashabranner, Rogers & Fowler by William B. Rogers, Richard A. Resetaritz, Gordon H. Rowe III, Oklahoma City, for appellant.

Morgan & Morgan, Inc. by Larry A. Morgan, Oklahoma City, for appellees Gene E. Giese and Lee M. Holmes.

Warren, Ricks & Associates, P.C. by Glenn E. Ricks, Oklahoma City, for appellee Gloria Giese.

HODGES, Justice.

The determinative issue in this appeal is whether the reinstatement of a corporation, after suspension for failure to pay franchise tax under 68 O.S.1981 § 1212, wipes out the personal liability of corporate officers and directors for debts incurred following suspension and before reinstatement.[1] The question has been answered in

---

1. Title 68 O.S.1981 § 1212(c) provides:

"Each trustee, director or officer of any such corporation, association or organization, whose right to do business within this State shall be so forfeited, shall, as to any and all debts of such corporation, association or organization, which may be created or incurred with his knowledge, approval and consent, within this State after

the negative in a prior opinion which we follow today, and thus the trial court's conclusions to the contrary must be reversed.

Plaintiff's petition sought recovery for a corporate debt incurred during the time that the corporate defendant was suspended. The petition alleged the suspension, the incurring of the debt with knowledge of the officers and directors in question [the individual defendants], and the subsequent reinstatement. The trial court sustained demurrers by each of the individual defendants, ruling that the reinstatement wiped out the personal liability attaching under the statute. After plaintiff elected to stand on its petition, the action was dismissed as to the individual defendants.

On appeal the officers seek to sustain the trial court's ruling by arguing that the reinstatement relates back to the date of the suspension, thus treating the suspension as if it had never happened, citing earlier federal cases which recognized that reinstatement removed any barrier to sue or to defend, based upon transactions during the suspension period.[2] The Court of Appeals, Division 3, affirmed the trial court, adopting the officers' theory, and cited what it considered to be the holding of this Court's decision in *Nichols-Homeshield v. Mid-American Construction Supply, Inc.*, 643 P.2d 309 (Okl.1982) for support of its conclusion.

We have previously granted certiorari to clear up any lingering doubts which remain on this issue and hold that such reinstatement does not vitiate the officers' and directors' personal liability for debts know-ingly incurred during the period of suspension.

We held in *Nichols-Homeshield,* supra, p. 311:

"We hold that corporate officers, directors, and trustees are personally liable for the debts incurred after suspension and before reinstatement is issued, pursuant to § 1212(c) notwithstanding the fact that steps have been taken toward reinstatement. Until the reinstatement order is issued, personal liability remains."

The Court of Appeals relied upon the last sentence of this holding for authority in concluding that since suit was not brought in this case until after the reinstatement, there could be no personal liability. In *Nichols-Homeshield,* this Court did not focus on the time the suit was brought as the pertinent date. It focused on the date the debts were incurred. In the present case, the petition alleged that the debts were knowingly incurred during the period of suspension.

A plain reading of § 1212 supports the appellant's position that the language of the legislature, like this Court's opinion in *Nichols-Homeshield,* and the opinion of the Federal Court in *Heinold Hog Market, Inc. v. Superior Feeders, Inc.,* 454 F.Supp. 57 (W.D.Okl.1977), focuses on the date the debts were incurred, making corporate officers responsible for them if incurred "after such forfeiture and before the reinstatement of the right of such corporation to do business."

Commendably, appellees do not suggest that *Nichols-Homeshield* did not include

---

such forfeiture and before the reinstatement of the right of such corporation to do business, be deemed and held liable thereon in the same manner and to the same extent as if such trustees, directors, and officers of such corporation, association or organization were partners. Any corporation, association or organization whose right to do business shall be thus forfeited shall be denied the right to sue or defend in any court of this State, except in a suit to forfeit the charter of such corporation, association or organization. In any suit against such corporation, association or organization on a cause of action arising before such forfeiture, no affirmative relief shall be granted to such corporation,

association or organization unless its right to do business in this State shall be reinstated as provided herein. Every contract entered into by or in behalf of such corporation, association or organization, after such forfeiture as provided herein, is hereby declared to be voidable."

2. *R.V. McGinnis Theatres & Pay T.V., Inc. v. Video Independent Theatres, Inc.,* 262 F.Supp. 607 (W.D.Okl.1967); *Flour Mills of America, Inc. v. Pace,* 75 F.R.D. 676 (W.D.Okl.1977); *Simmons, Inc. v. Alliance Corporation,* 79 F.R.D. 547 (W.D.Okl.1978).

this issue, but ask that it be overruled. The cases cited by them were before the Court in that case and were rejected. The relation-back theory, which is applicable to the right to defend and right to sue provisions of § 1212 because of specific legislative provision, does not apply to the personal liability penalty.

The trial court erred in determining that the reinstatement absolved the individual defendants of personal liability. The dismissals of the actions against individual defendants must be reversed, and the case remanded for further proceedings.

OPINION OF THE COURT OF APPEALS VACATED. JUDGMENT OF TRIAL COURT REVERSED AND CASE REMANDED FOR FURTHER PROCEEDINGS.

All the Justices concur.