**ITT LIFE INSURANCE COMPANY, Plaintiff,**

v.

**THOMAS NASTOFF, INC., a/k/a Thomas Nastoff & Associates, Inc. and Thomas Nastoff, Defendants.**

**Civ. No. H 85–35.**

United States District Court, N.D. Indiana, Hammond Division.

Nov. 14, 1985.

---

Robert P. Kennedy, Merrillville, Ind., Thomas C. Ewing, Milwaukee, Wis., for plaintiff.

Fred M. Cuppy, Merrillville, Ind., for defendants.

ORDER

ANDREW P. RODOVICH, United States Magistrate.

This matter is before the Court on the Motion to Compel Answers to Interrogatories filed by the defendants on August 19, 1985, and the Motion to Extend Time to Complete Discovery filed by the defendants on August 29, 1985. The plaintiff has not filed a response to either motion. For the reasons set forth below, the Motion to Compel is GRANTED and the Motion to Extend Time to Complete Discovery is TAKEN UNDER ADVISEMENT.

■ On February 14, 1985, the defendants filed a Motion for Production of Documents and a set of Interrogatories consisting of 20 questions. On April 30, 1985, the plaintiff filed its answers to the Interrogatories. To date, no response has been filed to the Motion for Production. The defendants' first objection is that the answers to the Interrogatories do not comply with Local Rule 8(a) which provides:

> A party serving written interrogatories under Rule 33 of the Federal Rules of Civil Procedure shall provide after each interrogatory a reasonable amount of space for entry of the response or objection thereto. In any event, answers or objections to interrogatories shall include the interrogatory being answered or objected to immediately preceding the answer or objection.

The plaintiff's answers are not in compliance with Local Rule 8(a) and must be re-filed in the appropriate form.

■ Secondly, the defendants object that the plaintiff's answers are an improper attempt to invoke Rule 33(c) of the Federal Rules of Civil Procedure. The answers to Interrogatories 1 through 12 are identical and provide:

> The answer to this interrogatory may be derived from the business records of ITT Life and the burden of deriving or ascertaining the answer is substantially the same for the defendant as for ITT Life. ITT Life will produce the appropriate business records at its offices in Minneapolis, Minnesota and afford the defendants a reasonable opportunity to examine such records and to make copies.

Rule 33(c) provides:

> *Option to Produce Business Records.* Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a *sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained* and to afford to the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and make copies, compilations, abstracts

or summaries. *A specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.* (Emphasis added)

The plaintiff "attempted" to comply with this provision in response to the 12 interrogatories listed. This response is insufficient. In *Flour Mills of America, Inc. v. Pace*, 75 F.R.D. 676 (E.D.Okl.1977), the defendant propounded several interrogatories upon the plaintiff concerning matters relevant to the pending action. The plaintiff responded to the interrogatory as follows:

Plaintiff objects to this Interrogatory for the following reasons:

(i) The information requested with respect to the documents in possession of plaintiff may be derived or ascertained directly from such documents, burden of so deriving such information is substantially the same for both defendant and plaintiff and the specified records are available for defendant's reasonable opportunity to inspect; and

(ii) Defendant should have possession of copies of all documents requested by defendant and it is therefore burdensome for plaintiff to produce these documents.

The court held that such a response improperly invoked the procedure of Rule 33(c). 75 F.R.D. at 681. The court found similar responses insufficient as well. The court stated that:

A broad statement that the information sought is available from a mass of documents and that the documents are available for inspection simply is not a sufficient response to satisfy the arms of discovery. (Citations omitted) A party cannot refuse to answer an interrogatory simply because he would have to consult `books or documents in order to prepare a response. (Citations omitted) Plaintiff's response to these interrogatories appears to be an attempt to exercise the option to produce business records contained in Rule 33(c), *supra.* If so, the responses by the plaintiff do not appear to conform to the requirements of said Rule.

75 F.R.D. at 682.

Under Rule 33(c), the party answering interrogatories must provide sufficient detail to enable the discovering party to "locate" and "identify" relevant records "as readily as can the party served." Edward F. Sherman and Steven O. Kinnard, *Federal Court Discovery in the 80's—Making Rules Work*, 95 F.R.D. 245, 252 and 253 (1983). Where an answer is readily available in a more convenient form, Rule 33(c) should not be used to avoid giving the information to the party seeking discovery. *Daiflon, Inc. v. Allied Chemical Corporation*, 534 F.2d 221, 226 (10th Cir.1976). Rule 33 requires a specific showing by the answering party why the interrogatory should not be answered. *Zatko v. Rogers Mfg. Co.*, 37 F.R.D. 29, 31 (N.D.Ohio 1964).

It is not sufficient for a party to respond by saying that the information sought may or may not be found in certain records that it offers to make available. The option device of Rule 33(c) may be used only if the party to whom the interrogatory was directed is prepared to say that the answer will be found in the designated records.

Wright and Miller, 8 *Federal Practice and Procedure*, § 2178, 1985 Supplement, page 225.

The plaintiff's attempt to invoke Rule 33(c) is improper. The plaintiff is ORDERED to file appropriate answers to the Interrogatories on or before December 16, 1985.

The plaintiff has not attempted to respond to the Motion for Production. The plaintiff is ORDERED to file an appropriate response on or before December 16, 1985.

Finally, the Motion to Extend Time to Complete Discovery is TAKEN UNDER ADVISEMENT. The pretrial conference of February 28, 1986, at 10:00 a.m. is RE–AFFIRMED. Appropriate discovery guidelines will be set at the pretrial conference.