986 F.2d 1429
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 James E. STEWART, Petitioner-Appellant,
v.
COMMISSIONER OF INTERNAL REVENUE, Respondent-Appellee.
 No. 92-9007.
 United States Court of Appeals, Tenth Circuit.
 Feb. 23, 1993.
 
 Before TACHA and BALDOCK, Circuit Judges, and BROWN,* Senior District Judge.
 ORDER AND JUDGMENT**
 TACHA, Circuit Judge.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner James E. Stewart appeals from an order of the United States Tax Court denying deductions taken for employee business expenses on his individual tax return. We affirm.
 
 
 3
 Petitioner was president, sole shareholder, director, and a paid employee of Twashakarris, Inc.,[1] which was incorporated under the laws of Oklahoma in 1982. The corporation was suspended from 1985 to 1990. It continued to operate during this time and filed federal corporate tax returns.
 
 
 4
 In 1985, petitioner personally paid the corporation's expenses for rent, supplies and equipment, commissions, and travel and entertainment because the corporation was financially unable to meet these expenses. Petitioner was not reimbursed, nor did he receive a salary. On his 1985 individual tax return, petitioner claimed a deduction pursuant to 26 U.S.C. § 162(a)[2] for those expenditures, which was disallowed.
 
 
 5
 The tax court entered judgment for respondent. The court held that § 162 permits deductions of a taxpayer's own business expenses only; it does not permit the deduction of expenses paid or incurred for the benefit of another person or identity.
 
 
 6
 On appeal, petitioner argues that, under Oklahoma law, the corporation forfeited all its rights while it was suspended. Therefore, because he was personally liable for all debts incurred, he is entitled to take the § 162 deduction.
 
 
 7
 As petitioner recognizes, in Oklahoma, each director or officer of a suspended corporation is personally liable for any debts incurred by the corporation with his approval and consent during the suspension. Okla.Stat. tit. 68, § 1212(c); Bethlehem Steel Corp. v. Giese, 681 P.2d 769 (Okla.1984).
 
 
 8
 However, state law does not control the application of federal tax law. "A corporation is subject to federal corporate income tax liability as long as it continues to do business in a corporate manner, even if its recognized status under state law is terminated." United States v. Young, 604 F.Supp. 164, 170 (N.D.Okla.1984) (citing Messer v. Commissioner, 438 F.2d 774 (3d Cir.1971)) (emphasis added). "A valid corporation will be disregarded for federal tax purposes only after the state has formally revoked [its] charter." 604 F.Supp. at 170. Twashakarris's charter was not revoked. Therefore, federal tax law controls.
 
 
 9
 Section 162 permits deduction of a taxpayer's own necessary and ordinary business expenses. Welch v. Helvering, 290 U.S. 111, 113 (1933). It does not permit deduction of expenses paid or incurred for the benefit of another person or entity. Id. at 114; see also Deputy v. du Pont, 308 U.S. 488, 494 (1940) (individual cannot deduct from personal income his payment of corporate expenses). Payments made with the purpose of keeping a corporation in which the taxpayer holds an interest, in business, are not deductible. Betson v. Commissioner, 802 F.2d 365, 368 (9th Cir.1986).
 
 
 10
 Further, "for tax purposes a salaried corporate officer is engaged in a trade or business separate and distinct from that of his corporation...." Fischer v. United States, 490 F.2d 218, 221 (7th Cir.1973). Therefore, when he "undertakes to discharge the responsibility of the corporation, he is not incurring an expenditure of his trade or business within the meaning of Section 162." Id. "[W]here a corporate officer pays the debts of his employer-corporation, however 'necessary' that may be from a practical standpoint, such payments are not 'ordinary' expenditures of the corporate officer." Id. at 221-22. Similarly, corporate expenses paid by a shareholder are not ordinary and necessary expenses of the shareholder, but rather are ordinary and necessary expenses of the corporation. Deputy, 308 U.S. at 494.
 
 
 11
 Petitioner argues that his situation is not controlled by these cases because the corporation's financial difficulties were caused by the federal government. Petitioner contends the Immigration and Naturalization Service caused the corporation's business losses by waiting over six years to notify the Department of State that his school was not closed as it had earlier reported. As a result, petitioner states he lost referrals from foreign embassies and consulates and was unable to pay Oklahoma taxes as required. Petitioner cites no cases permitting such an exception, nor do we find any.
 
 
 12
 The judgment of the United States Tax court is AFFIRMED. The mandate shall issue forthwith.
 
 
 
 *
 Honorable Wesley E. Brown, Senior District Judge, United States District Court for the District of Kansas, sitting by designation
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 Twashakarris, Inc. operates a language school in which English is taught to foreign students planning to enter American colleges and universities
 
 
 [2]
 26 U.S.C. § 162(a) provides that all "ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business" shall be deductible