2002 OK CIV APP 59

## SPECIFIC SYSTEMS OF TULSA, INC., Plaintiff/Appellant,

v.

## AMERICAN BANK & TRUST COMPANY, Defendant/Appellee.

### No. 96,611.

Court of Civil Appeals of Oklahoma, Division No. 4.

Feb. 5, 2002.

Certiorari Denied April 23, 2002.

Stephen P. Gray, Stephen P. Gray, P.C., Tulsa, OK, for Plaintiff/Appellant.

Therese Buthod, James R. Gotwals & Associates, Inc., Tulsa, OK, for Defendant/Appellee.

Opinion by JOE C. TAYLOR, Presiding Judge:

¶1 Plaintiff, Specific Systems of Tulsa, Inc., appeals the trial court's order denying Plaintiff's motion for reconsideration or new trial following the court's grant of a motion to dismiss filed by Defendant, American Bank & Trust Co. (Bank). Based on our review of the record and the applicable law, we reverse and remand for further proceedings.

¶2 The basic underlying facts are not disputed. Plaintiff filed an action against Defendant in April 1994 ("the 1994 action") alleging breach of a 1991 contract between the parties.[1] In September 1999, the 1994 action was dismissed without prejudice, for lack of prosecution. Pursuant to 12 O.S.1991 § 100, Plaintiff filed a new action against Defendant in August 2000 (within a year of

---

1. Plaintiff alleged it entered into a contract in 1991 for Bank to be its depository bank, but Bank had deposited checks, made out to Plaintiff, into accounts other than Plaintiff's account.

dismissal of the 1994 action). Between the time the 1994 action was filed and dismissed, however, Plaintiff's right to do business in the state was suspended, pursuant to 68 O.S. 1991 § 1212, for failure to pay franchise taxes. The statute of limitations on its breach of contract claim also expired.

¶ 3 Plaintiff's right to do business as a corporation was still suspended at the time it filed this action in 2000. The suspended status formed the basis for a motion to dismiss filed by Bank in April 2001,[2] claiming that Plaintiff lacked the capacity to bring the action, and that the statute of limitations had expired on its claim. In its response to Bank's motion, Plaintiff submitted a "Certificate of Reinstatement" from the Oklahoma Secretary of State, demonstrating that the corporation had paid all back taxes and fees, and had had its right to do business reinstated pursuant to 68 O.S.1991 § 1212(f). The trial court thereafter denied Bank's motion to dismiss. Bank moved for reconsideration of the denial, arguing that Plaintiff's suspension from being able to legally file an action under Oklahoma law at the time the one-year savings period of 12 O.S.1991 § 100 expired barred Plaintiff permanently from being able to "revive" its claim on which the statute of limitations had run. The trial court agreed with Bank and granted the motion to reconsider, dismissing Plaintiff's claim.

¶ 4 Plaintiff then moved for reconsideration, which the trial court denied. Plaintiff timely perfected this appeal, asserting the court's dismissal was legally erroneous and an abuse of discretion.

■ ¶ 5 Under 12 O.S.1991 § 100, if a plaintiff timely files an action and the action is dismissed "otherwise than upon the merits," the plaintiff may commence a new action within one year after the dismissal even though "the time limit for commencing the action shall have expired before the new action is filed." This statute, sometimes called a "savings statute," has been described as acting to "extend the statutorily-established limitations period" for filing common law and statutory actions. *Grider v. USX*

*Corp.*, 1993 OK 13, ¶ 6, 847 P.2d 779, 783; *see also Cruse v. Bd. of County Comm'rs of Atoka County,* 1995 OK 143, 910 P.2d 998.

¶ 6 In *Matter of the Estate of Speake,* 1987 OK 61, ¶ 6, 743 P.2d 648, 650, the Supreme Court described the effect of § 100 as follows: "A lawsuit timely filed when brought but later dismissed on grounds unrelated to the merits of the controversy falls within the ameliorative relief affordable under the terms of 12 O.S.1981 § 100. The refiling, if effected in conformity to the terms of § 100, relates the time of the action's commencement back to the date the petition was brought originally." (Footnotes and emphasis omitted.) The Court also has held that § 100 is a remedial statute that is "to be liberally construed." *Valley Vista Dev. Corp. v. City of Broken Arrow,* 1988 OK 140, ¶ 14, 766 P.2d 344, 349.

¶ 7 The Supreme Court also has been liberal in applying the reinstatement provisions of 68 O.S.1991 § 1212, which contemplate revival and reinstatement of a suspended corporation's charter, including its right to bring or defend suits seeking affirmative relief once it pays back franchise taxes. The Court has recognized that § 1212(c) has a retroactive, or "relation back," component that applies to the right to bring or defend an action, and that "[o]nce the taxes have been paid and the corporation reinstated, the purpose behind section 1212 has been met and no further penalty should be imposed." *Corman v. H–30 Drilling, Inc.,* 2001 OK 92, ¶¶ 8–9, 40 P.3d 1051, 1054 (internal quotation marks omitted). The Court has further noted that the purpose of § 1212(c) is "to encourage taxpayers to pay their franchise taxes, not to trap them into losing their rights to defend lawsuits." *Id.* at ¶ 9.

¶ 8 In *Corman* the Court reversed a trial court decision that prohibited a suspended corporation from defending without first giving it an opportunity to pay its back franchise taxes. Holding that the trial court's decision was constitutionally infirm, the Supreme Court further held that a suspended

---

2. Bank was not served with Plaintiff's re-filed petition until April 10, 2001; Bank's motion to

dismiss was filed on April 20, 2001.

corporate defendant should be given a "reasonable opportunity" to pay its franchise taxes, "but if it does not do so at the first opportunity after the fact of its non-payment has been raised in a lawsuit, its right to pay them should be deemed to have been waived." *Id.* at ¶ 20.

¶ 9 Applying these decisions to the case at bar, we find the trial court committed error of law when it dismissed Plaintiff's suit after the corporation demonstrated it had reinstated its corporate charter by paying its franchise taxes. The record reflects Plaintiff originally filed its action in 1994 at a time when its charter was not suspended[3] and it had the capacity to sue. Under the reasoning of *Estate of Speake,* Plaintiff's action filed in 2000 relates back in time to the date when the case originally was filed, when the corporation clearly had the "capacity to sue" and the right to bring the action, irrespective of its later suspension. Although its failure to thereafter pay its taxes may have deprived it of the right to continue prosecuting the case as 'long as the taxes were not paid, the general tenor and reasoning of the Oklahoma Supreme Court cases which have dealt with this subject lead us to conclude that Plaintiff's action of paying the taxes and obtaining reinstatement immediately upon the issue being raised in the case cured its later incapacity to sue, even though reinstatement occurred after the commencement of the new action and after the limitations period had expired. In this regard, see *Amman Food & Liquor, Inc. v. Heritage Insurance Co.,* 65 Ill.App.3d 140, 22 Ill.Dec. 242, 382 N.E.2d 562 (1978), and *York & York Construction Co. v. Alexander,* 296 A.2d 710 (D.C.Ct.App. 1972), both of which allowed reinstatement to relate back so as to preserve an action filed by a suspended corporation during the limitations period.

¶ 10 The rationale of the court in *Amman* is particularly consistent with the policies expressed by the Oklahoma Supreme Court concerning suspension for failure to pay franchise taxes. There, the Illinois court found that the comparable portion of the state's Business Corporation Act "is a measure designed to encourage payment of taxes," and that the measure is "coercive rather than punitive in character because it contemplates routine reinstatement of ... tax-delinquent corporations." 22 Ill.Dec. 242, 382 N.E.2d at 568. Moreover, the court noted, "the goal of maximizing tax revenues," which the franchise tax provision is intended to promote, "would not be served by a contrary result, for if the rule were that payment of its back taxes would not enable [the plaintiff corporation] to withstand [the defendant's] motion, [the plaintiff] would have had no incentive to pay its delinquent taxes." *Id.*

¶ 11 Although Bank cogently argues that Plaintiff's action should be barred because the limitations period expired while Plaintiff's corporate charter was suspended, the cases from the California Court of Appeal on which Bank relies depend on a statutory provision not present in Oklahoma's reinstatement provision. *See Benton v. County of Napa,* 226 Cal.App.3d 1485, 277 Cal.Rptr. 541 (1991); *Sade Shoe Co. v. Oschin & Snyder,* 217 Cal. App.3d 1509, 266 Cal.Rptr. 619 (1990). That statute, found in California's Revenue and Taxation Code § 23305a, specifies that issuance of a "certificate of revivor" by the California Franchise Tax Board "shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture...." The comparable Oklahoma statute, 68 O.S.1991 § 1212, does not contain such language.

¶ 12 Although it is true that, in *Bethlehem Steel Corp. v. Giese,* 1984 OK 28, 681 P.2d 769, the Supreme Court held that relation back of good standing does not protect corporate officers and directors from incurring personal liability during the period of suspension, the Court relied on specific language in § 1212(c) of the Oklahoma statute imposing such liability. As noted, the Oklahoma statute does not contain language similar to that found in the California provision suggesting that defenses or rights which accrue to persons other than the suspended corporation

**3.** The certificate from the Secretary of State, submitted by Bank in support of its motion to

dismiss, reflects a suspension date in January 1997.

shall not be affected by reinstatement. We therefore are not persuaded by the reasoning of the California appellate court in *Benton* and *Sade*.

¶ 13 Accordingly, for the reasons set forth above, the judgment of the trial court is reversed, and this cause is remanded for further proceedings consistent with the views expressed herein.[4]

¶ 14 REVERSED AND REMANDED FOR FURTHER PROCEEDINGS.

REIF, C.J., and STUBBLEFIELD, J., concur.

---

4. Plaintiff also claimed in its petition in error that the trial court's decision was an unconstitutional abridgement of Plaintiff's right to a jury trial. Because this argument was not raised in the trial court before being raised on appeal, and because we dispose of this appeal on other grounds, we do not address this issue. *See Northwest Datsun v. Okla. Motor Vehicle Comm'n*, 1987 OK 31, ¶ 16, 736 P.2d 516, 520.