[No. D005462. Fourth Dist., Div. One. Feb. 17, 1988.]

ABA RECOVERY SERVICES, INC., Plaintiff and Appellant, v. J. TIM KONOLD et al., Defendants and Respondents.

**COUNSEL**

David R. Pitkin, David Perry and Will R. Wright for Plaintiff and Appellant.

Luce, Forward, Hamilton & Scripps, Robert G. Steiner, R. William Bowen, Larabee & Loadman and David J. Loadman for Defendants and Respondents.

**OPINION**

**SCHERER, J.**\*— Plaintiff ABA Recovery Services, Inc. (ABA) appeals a summary judgment favoring defendants J. Tim Konold, the law firm of Higgs, Fletcher & Mack, David Loadman and the law firm of Larabee & Loadman on ABA's complaint for attorney malpractice.

### FACTUAL AND PROCEDURAL BACKGROUND

ABA is an automobile repossession and towing business. In 1984, ABA unsuccessfully applied to the City of San Diego (City) for a police department towing contract. ABA retained the law firm of Higgs, Fletcher &

---

\* Assigned by the Chairperson of the Judicial Council.

Mack and J. Tim Konold (collectively Konold) to file an administrative claim with the City on its behalf. The City denied the administrative claim on August 20, 1984, informing ABA it had six months in which to file a court action on this claim. On October 31, 1984, Konold wrote to ABA's corporate counsel, David Loadman, recommending a complaint be filed in the superior court with regard to the City's denial of ABA's bid for the towing contract. However, no action was filed by Konold or Loadman against the City within the six-month period.

On March 1, 1985, ABA's corporate powers were suspended under Revenue and Taxation Code section 23301 for nonpayment of fees and taxes.

On March 19, 1985, Konold advised ABA's president by telephone that the time to sue the City had expired. This telephone conversation was confirmed in writing on March 21, 1985. Konold's letter to ABA stated: "This letter follows our telephone conversation of March 19, 1985, wherein I advised you that the time within which to file an action against the City of San Diego for their refusal to let the police towing contract to ABA expired on February 20, 1985.

"I have suggested to you that you consult independent counsel with respect to any claims or causes of action that you may have remaining against the City of San Diego or against our law firm in connection with this matter.

"Please let us know if we can provide you with any information in our file to assist you in this matter. Please be assured of our full cooperation."

On March 17, 1986, ABA filed a complaint against Konold and Loadman for attorney malpractice. On June 10, 1986, Konold and Loadman filed a motion for summary judgment, arguing ABA had no capacity to sue because its corporate powers had been suspended since March 1, 1985,[1] and the applicable statute of limitations had run on ABA's claim on February 20, 1986. After hearing, the court granted summary judgment for Konold and Loadman. ABA appeals.

DISCUSSION

I

Under Code of Civil Procedure section 340.6, subdivision (a), "[a]n action against an attorney for a wrongful act or omission, other than for

---

[1] ABA's corporate status was revived on July 16, 1986.

actual fraud, arising in the performance of professional services shall be commenced within one year after the plaintiff discovers, or through the use of reasonable diligence should have discovered, the facts constituting the wrongful act or omission." Here, ABA learned of the fact of Konold's failure to timely file a lawsuit against the City on March 19, 1985. Thus, ABA had until March 19, 1986, to file its lawsuit for legal malpractice. Although ABA filed its lawsuit on March 17, 1986, it did so during the time its corporate powers had been suspended under Revenue and Taxation Code section 23301. "A corporation which has been suspended pursuant to [Revenue and Taxation Code] section 23301 is without capacity to prosecute a civil action while suspended." (*Welco Construction, Inc.* v. *Modulux, Inc.* (1975) 47 Cal.App.3d 69, 71 [120 Cal.Rptr. 572], citing *Reed* v. *Norman* (1957) 48 Cal.2d 338 [309 P.2d 809].) ▪▪▪ ABA contends it obtained a certificate of revivor during the pendency of the action and therefore the court should have permitted it to maintain its action. We disagree.

▪▪▪ A corporation whose powers have been suspended may apply for a certificate of revivor upon payment of all applicable taxes, interest and penalties. (Rev. & Tax. Code, § 23305.) However, "such reinstatement shall be without prejudice to any action, defense or right which has accrued by reason of the original suspension or forfeiture." (Rev. & Tax. Code, § 23305a.) Thus, where a substantive defense accrues during corporate suspension, a corporate revival will not prejudice that defense.

In *Welco Construction, Inc.* v. *Modulux, Inc., supra,* 47 Cal.App.3d 69, plaintiff corporation filed its complaint two months after its corporate status had been suspended under Revenue and Taxation Code section 23301. Defendant answered and cross-complained and on the day of trial, challenged plaintiff's standing to prosecute the action because of the suspension. Plaintiff then obtained a certificate of revivor. However, the trial court ruled plaintiff's action was barred by the statute of limitations. (*Id.* at pp. 70-71.)

On appeal, the court disagreed with the plaintiff's argument that "the corporation's revival validates retroactively the corporate acts performed in the prosecution of its lawsuit, thereby making its filing of the complaint timely and not barred by the statute of limitations." (47 Cal.App.3d at p. 71.) The court concluded *procedural acts* in the prosecution or defense of a lawsuit may be validated retroactively by the corporate revival, but substantive defenses accruing during the corporate suspension may not. (*Id.* at p. 73; cf. *Traub Co.* v. *Coffee Break Service, Inc.* (1967) 66 Cal.2d 368 [57 Cal.Rptr. 846, 425 P.2d 790].) The court held the statute of limitations is a substantive defense which accrued by its running during the period of the plaintiff corporation's suspension and thus that defense could not be prejudiced by revival of the suspended corporation. (*Id.* at p. 74; accord

*Cleveland* v. *Gore Brothers, Inc.* (1936) 14 Cal.App.2d 681, 683 [58 P.2d 931]; *Electronic Equipment Express, Inc.* v. *Donald H. Seiler & Co.* (1981) 122 Cal.App.3d 834, 845 [176 Cal.Rptr. 239].)

In *Traub Co.* v. *Coffee Break Service, Inc., supra,* 66 Cal.2d 368, cited by the court in *Welco Construction, Inc.* v. *Modulux, Inc., supra,* 47 Cal.App.3d 69, appellants appealed an order denying their motion to vacate a judgment which had already become final in favor of respondent, a California corporation. The basis of the motion was that before entry of judgment and continuing to the time of the motion, respondent's corporate powers had been suspended. The Supreme Court held the suspended status of corporate powers at the time a corporation files an action or after it files an action but before judgment does not affect the jurisdiction of the court to proceed. (*Traub Co.* v. *Coffee Break Service, Inc., supra,* 66 Cal.2d at p. 371.) Thus, the court allowed a revivor to validate a judgment obtained during suspension. The court then distinguished cases not falling within its holding, including *Cleveland* v. *Gore Brothers, Inc., supra,* 14 Cal.App.2d 681, because that case "presented a statute of limitations problem." (*Id.* at p. 372.)[2]

■ Here, as in *Welco* and *Cleveland,* the statute of limitations defense accrued during the period of the corporation's suspension and was unaffected by its later corporate revival. Accordingly, the court correctly ruled ABA's action was barred by the statute of limitations.

## II

■ ABA contends Konold and Loadman should be estopped from asserting the statute of limitations as a defense because they violated their

---

[2] In *Rooney* v. *Vermont Investment Corp.* (1973) 10 Cal.3d 351 [110 Cal.Rptr. 353, 515 P.2d 297], defendant corporation's powers were suspended before judgment. Because the corporation filed its appeal while it was suspended, plaintiffs moved to dismiss the appeal. In the meantime, the corporation's powers were revived. The court held: "The revival of corporate powers validated the *procedural* steps taken on behalf of the corporation while it was under suspension and permitted it to proceed with the appeal. [Citation.]" (*Id.* at p. 359; italics added.) Apparently, the Supreme Court in *Rooney* considered the filing of a notice of appeal a "procedural" step which could be retroactively validated by revivor whereas the Supreme Court in *Traub* did not include in its holding those cases where the statute of limitations was raised as a defense. We question why the timely filing of a notice of appeal, which is jurisdictional and cannot be waived, is a procedural act unaffected by a corporation's suspension, while the statute of limitations, which is not jurisdictional and can be waived, is a substantive defense fatal to a suspended corporation's cause of action. However, we leave the resolution of this apparent inconsistency to the Supreme Court.

professional and fiduciary responsibilities. Specifically, ABA asserts Konold and Loadman should have informed ABA of the legal ramifications of failing to timely pay corporate franchise taxes.

On March 1, 1985, the state Franchise Tax Board mailed ABA a notice stating ABA's rights, powers and privileges had been suspended due to nonpayment of fees and taxes. When ABA informed Konold of the corporate suspension, Konold wrote to ABA's president, stating: ". . . as President, it should remain your responsibility to keep the corporation in good standing with the Franchise Tax Board. . . . [¶] [I]t would appear in order for you to reinstate the corporation as soon as possible. Please let us know if we can be of any assistance to you in that regard."[3] Nothing in the record indicates ABA requested Konold's or Loadman's assistance in obtaining a certificate of revivor. Having advised ABA of its corporate responsibility, Konold was under no further obligation with regard to reviving ABA's corporate status. Further, Konold properly discharged his fiduciary duty when, on March 21, 1985, he suggested ABA consult independent counsel with regard to any malpractice claims it might have against him. Under these circumstances, Konold and Loadman are not estopped to assert the statute of limitations. (Cf. *Baright* v. *Willis* (1984) 151 Cal.App.3d 303, 309 [198 Cal.Rptr. 510] [period of limitations tolled during time defendant continued to represent plaintiff regarding *specific subject matter* in which alleged wrongful act or omission occurred].)

## III

■ Konold and Loadman contend ABA lacks standing to prosecute this appeal because it filed for bankruptcy and a trustee has been appointed. A bankrupt's cause of action becomes part of the bankruptcy estate upon the filing of the petition in bankruptcy. (11 U.S.C. § 541(a)(1).) However, the transfer by operation of law does not divest the plaintiff of his right to continue to prosecute the action, pending assertive action by the representative of the estate, the trustee in bankruptcy. The trustee may, among other things, allow the plaintiff to pursue the action and await the results, any recovery being first for the benefit of the estate. (*Kaley* v. *Catalina Yachts* (1986) 187 Cal.App.3d 1187, 1194 [232 Cal.Rptr. 384]; *Johnson* v. *Collier* (1912) 222 U.S. 538, 540 [56 L.Ed. 306, 307, 32 S.Ct. 104]; Fed. Rules Bankruptcy, rule 6009, note 3, 11 U.S.C.A.) Thus, ABA does not lack standing to prosecute this appeal.

---

[3] Although ABA was advised in March 1985 to revive its corporate status, it waited until July 1986 before doing so.

## DISPOSITION

The judgment is affirmed.

Kremer, P. J., and Wiener, J., concurred.

Appellant's petition for review by the Supreme Court was denied June 2, 1988. Arguelles, J., and Kaufman, J., were of the opinion that the petition should be granted.