Filed 1/17/24  City of Banning v. A&M Partners CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| CITY OF BANNING, | |
| Plaintiff and Respondent, | G062728 |
| v. | (Super. Ct. No. CVMV2106029) |
| A&M PARTNERS LLC, | O P I N I O N |
| Defendant and Appellant. | |

Appeal from an order of the Superior Court of Riverside County, Chad W. Firetag, Judge.  Appeal Dismissed.

Frank A. Weiser for Defendant and Appellant.

Silver & Wright, Curtis R. Wright and Rene L. Farjeat for Plaintiff and Respondent.

\*        \*        \*

A&M Partners LLC (A&M) appeals from an order appointing a receiver pursuant to Health and Safety Code section 17980.7, subdivision (c), which is part of a statutory scheme providing certain remedies to address substandard residential housing that is unsafe to occupy. We dismiss the appeal.

The subject property is an abandoned, fire-damaged, and partially boarded up hotel with 53 units located in the City of Banning (the City). The property is owned in fee by Pacterra Ventures, LLC (Pacterra) which leases it to A&M. In November 2021, the City filed a complaint against Pacterra and A&M for nuisance abatement and receivership. A default was entered against Pacterra which is not a party to this appeal.

The City brought an ex parte application for appointment of a receiver pursuant to Health and Safety Code section 17980.7, subdivision (c). The trial court granted the application and appointed a receiver. A&M filed a notice of appeal from the appointment of a receiver.

A&M's corporate status was suspended at the time the receivership order was made and when A&M filed its notice of appeal. No certificate of revival appears in the record. A corporation that fails to pay its taxes, fails to file a required return, or fails to file the required statement of information may be suspended and its corporate powers will be forfeited while under suspension. (Rev. & Tax. Code, §§ 23301, 23301.5; Corp. Code, §§ 2205, 5008.6; see *Friends of Shingle Springs Interchange, Inc. v. County of El Dorado* (2011) 200 Cal.App.4th 1470, 1486.) A suspended corporation may not sue or be sued and may not appeal an adverse judgment or order. (Rev. & Tax. Code, §§ 23301, 23301.5; Corp. Code, §§ 2205, 5008; see *Reed v. Norman* (1957) 48 Cal.2d 338, 343; *Waltrip v. Kimberlin* (2008) 164 Cal.App.4th 517, 522, fn. 2; *Leasequip, Inc. v Dapeer* (2002) 103 Cal.App.4th 394, 402-403 [failure to file statement of information].)

2

As a suspended corporation, A&M could not appeal from the order appointing a receiver. Consequently, the appeal is dismissed. The City shall recover costs on appeal.

SANCHEZ, J.

WE CONCUR:


GOETHALS, ACTING P. J.


GOODING, J.