Filed 1/5/22  Pacific West Group v. Interlandi CA2/8

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## SECOND APPELLATE DISTRICT

## DIVISION EIGHT

| | |
|---|---|
| PACIFIC WEST GROUP, INC., | B297415 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC342152) |
| v. | |
| GIANFRANCO INTERLANDI, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, James E. Blancarte, Judge. Affirmed.

Michael Shemtoub for Defendant and Appellant.

John W. Tulac for Plaintiff and Respondent.

————————————

Almost 10 years after respondent Pacific West Group, Inc. (Pacific West) obtained a default judgment against appellant Gianfranco Interlandi (Interlandi) in 2006, Interlandi began efforts to set aside the default judgment and contest the action. On September 1, 2016, after the trial court denied Interlandi's motion to set aside the default and default judgment and before Interlandi filed a notice of appeal, Pacific West filed an application to renew the judgment; the clerk of the court entered the renewal that same day. A prior appeal followed, and in 2018, we affirmed the trial court's denial of Interlandi's motion to set aside the default, and rejected his claim that the renewal of the judgment was invalid because Pacific West's corporate powers were suspended at the time of renewal. (*Pacific West Group, Inc. v. Interlandi* (B278422, Aug. 29, 2018 [nonpub. opn.] (*Pacific West*).)[1]

After remittitur issued in the prior appeal, Interlandi filed a motion to vacate the renewal of judgment. Finding he lacked standing to bring the motion because he was in default, the trial court took the motion off calendar. Interlandi appeals from this ruling, claiming the trial court erred in refusing to decide the

_____

[1]     We grant Pacific West's request that we take judicial notice of the docket in that appeal. We deny Pacific West's request to augment the record with its proof of service of notice of renewal of judgment. It is not necessary for the resolution of this appeal.

2

motion to vacate.[2]  We agree the trial court erred in finding Interlandi could not challenge the renewal of judgment because he was in default, but we find no prejudice to Interlandi.

## ANALYSIS

Interlandi contends "the only issue on appeal is whether or not the trial court had jurisdiction to adjudicate the issue before it."  He contends we must reverse the trial court's ruling and remand the matter to allow the trial court to decide the merits of the motion to vacate the renewal.  He specifically contends (1) the trial court could be permitted to decide the factual issue of whether he was prejudiced by the incorrect address listed on the proof of service of the notice of entry of default; (2) this court improperly made a factual determination in the prior appeal, when we held that revival of Pacific West's corporate powers validated the renewal of judgment which occurred while those powers were suspended; (3) we must remand to permit the trial court to decide the factual issue of whether the time for renewal had expired before Pacific West's judgment was revived.[3]

---

[2]     After remittitur issued in the prior appeal, Pacific West filed a motion for costs in the trial court, and Interlandi filed a motion to tax those costs.  The trial court denied Interlandi's motion to tax costs, and in his opening brief, Interlandi claims this ruling was in error.  In his reply brief, however, in what he describes as a clarification, Interlandi contends "the only issue on appeal is whether or not the trial court had jurisdiction to adjudicate the issue before it."  Accordingly, as to the denial of the motion to tax costs, we treat Interlandi's claims as abandoned and do not consider them.

[3]     In his Opening Brief, Interlandi also contended that renewal should be vacated because service of process was

3

Every civil appeal has two components: error and prejudice. (Code Civ. Proc.,[4] § 475 ["No judgment, decision, or decree shall be reversed or affected by reason of any error, ruling, instruction, or defect, unless it shall appear from the record that such error, ruling, instruction, or defect was prejudicial, . . . and that a different result would have been probable if such error, ruling, instruction, or defect had not occurred or existed."].) We find error in the trial court's ruling, but no prejudice to Interlandi. Therefore, we affirm.

_____

defective and so the trial court lacked personal jurisdiction at the time it entered the default judgment; the underlying loan transaction was a fraud; and that the amount of the default judgment was incorrectly calculated. In his reply brief, Interlandi fails to include these contentions in his discussion of prejudice. Given that Interlandi announced a narrowing of the issues on appeal and then failed to discuss these three contentions, we deem them abandoned.

More importantly, Interlandi raised all three arguments in his previous motion to set aside the default judgment, which the trial court denied. We affirmed the denial. We discussed both the service of process claim and the fraud claim in our opinion in that matter. Interlandi did not claim on appeal that the judgment had been incorrectly calculated, and so conceded the propriety of that ruling. Interlandi is barred by the law of the case from raising these claims again. Put differently, even if the trial court were to hear these claims in connection with the motion to vacate the renewal, the trial court would not be free to depart from our prior rulings.

[4]     Further undesignated statutory references are to the Code of Civil Procedure.

4

A.    *The Default Judgment Did Not Preclude Interlandi from*
      *Challenging the Renewal of Judgment.*

In explaining its decision to take off calendar the motion to vacate renewal, the trial court stated: "Upon further study and consideration, the court finds that because Defendant Interlandi is in Default, he does not have standing to file a Motion to Set Aside Renewal of Judgment, or any other action until if and when the default is set aside in a proper proceeding. [¶] Based on the above, the Defendant's Motion to Vacate Renewal of Judgment is OFF CALENDAR, and not subject to further consideration or ruling."

The trial court was mistaken in believing that a defendant in default cannot challenge the renewal of a judgment.[5] Defendants who are in default may challenge the renewal of a judgment pursuant to section 683.170 on any ground that would be a defense to an action on the judgment. (*Fidelity Creditor*

---

[5]    The trial court may have been using the language of the Second Restatement of Torts to mean that the grounds upon which Interlandi sought relief were not available to him in a motion to vacate the renewal. Consistent with California law, we analyze Interlandi's claims as either "collateral" or "direct" attacks on the judgment. As Witkin notes, "[t]he Second Restatement abandons this terminology [and instead asks]: 'First, does the person seeking relief have standing to obtain relief from the judgment in question on the ground upon which he relies? Second, is the forum in which relief is sought the appropriate one for considering the particular attack? Third, may evidence be offered in support of the attack when it "contradicts the face of the record"?'" (8 Witkin, Cal. Procedure (6th ed. 2021) Attack on Judgment in Trial Court, § 1, pp. 584-585.) This approach is not widely followed in California.

*Services, Inc. v. Browne* (2001) 89 Cal.App.4th 195, 204 (*Fidelity*).) This error, however, was not prejudicial to Interlandi because as a matter of law Interlandi has not identified a viable ground to vacate the renewal of judgment. Thus, a different result is not probable in the absence of the error, that is, if the trial court had ruled on the merits of the motion.

B.      *Defective Notice of Entry of Default Is Not a Defense to an Independent Action to Enforce a Judgment.*

Section 587 provides: "An application by a plaintiff for entry of default . . . shall include an affidavit stating that a copy of the application has been mailed to the defendant's attorney of record or, it none, to the defendant at his or her last known address." Interlandi contends the proof of service of the notice of entry of default was mailed to an incorrect address, and defective service of notice of entry of default is a ground which may be raised on a motion to vacate a renewal of judgment. To support this contention, he relies on three cases which hold that defective service of *process* is a defense which may be raised on a motion to vacate a renewal of judgment. (*Fidelity, supra*, 89 Cal.App.4th at pp. 206–207; *Goldman v. Simpson* (2008) 160 Cal.App.4th 255 (*Goldman*); *Hill v. City Cab & Transfer Co.* (1889) 79 Cal. 188, 191 (*Hill*).) His reliance is misplaced.

The renewal of a judgment "may be vacated on any ground that would be a defense to an action on the judgment." (§ 683.170, subd. (a).) Defective service of process is a defense to an independent action on the judgment. The defenses to an independent action on a judgment are quite limited, however, and defective service of notice of entry of default is not one of those defenses.

"In an independent action on a judgment, the debtor may challenge the judgment 'in accordance with the rules and principles governing collateral attack' . . . ." (*Goldman, supra,* 160 Cal.App.4th at pp. 261–262.) "Collateral attack is proper to contest lack of personal or subject matter jurisdiction or the granting of relief which the court has *no power* to grant [citation]. Nonjurisdictional errors, however, are not appropriate procedural targets within this context." (*Armstrong v. Armstrong* (1976) 15 Cal.3d 942, 950.)

*Goldman* directly involves a claim of lack of personal jurisdiction. (*Goldman, supra,* 160 Cal.App.4th at p. 262 [rejecting claim that jurisdiction over debtor based on minimum contact should be assessed at the time of renewal rather than when judgment was originally entered].) *Fidelity* and *Hill*, also cited by Interlandi, similarly involves claims of lack of personal jurisdiction as it discusses failure to serve process. More recent case law is the same. (See *Calvert v. Al Binali* (2018) 29 Cal.App.5th 954, 961 [when a court lacks personal jurisdiction over the parties, an ensuing judgment is void]. Put differently, the failure to properly serve process on a defendant may be raised as a defense to an action to enforce a judgment (and so as a ground to vacate a renewal of judgment) because it is a claim that the court lacked personal jurisdiction over the defendant.

Unlike the requirement for service of process, "[t]he requirement of an affidavit of mailing under section 587 is not jurisdictional, and hence the failure to file one does not deprive the trial court of jurisdiction to render judgment." (*Rodriguez v. Henard* (2009) 174 Cal.App.4th 529, 536.) Section 587 expressly provides that "nonreceipt of the notice shall not invalidate or constitute ground for setting aside any judgment." (See

7

*Rodriguez,* at p. 535.) Because defective service of notice under section 587 does not deprive the court of personal or subject matter jurisdiction or of the power to enter a renewal of judgment, it is not a defense in an independent action on the judgment and so is not a ground to vacate the renewal of a judgment.

We do not intend to minimize the importance of proper service in connection with default judgments. Interlandi could have previously raised the issue of an incorrect address for service of notice of entry of default in his motion to set aside the default judgment, which is a direct attack on the judgment and which permits the introduction of extrinsic evidence by both parties. However, he did not do so. He attempted to raise it in his first appeal, but as we explained: "Interlandi has forfeited this issue by failing to raise it below. [¶] Interlandi made numerous arguments to the trial court in support of his motion to vacate [the default]. It does not appear, however, that Interlandi argued the clerk's entry of default was improperly served on him due to an incorrect address."[6] (*Pacific West, supra,* B278422.)

---

[6] We also note that simply showing an incorrect address on the proof of service would not have been sufficient to justify setting aside the default judgment. "A court may properly decline to set aside a default judgment where the absence of the affidavit of mailing is not prejudicial." (*Murray & Murray v. Raissi Real Estate Development, LLC* (2015) 233 Cal.App.4th 379, 385.) Since Interlandi did not raise the issue below, the trial court had no opportunity to decide what was certain to be a disputed issue of fact.

C.    *The Effect of Revival of Pacific West's Corporate Powers Was Properly Decided in the Prior Appeal.*

Interlandi acknowledges that this court previously considered the effect of the suspension of Pacific West's corporate powers on the renewal of judgment and resolved that issue against him.  Nevertheless, he contends it was permissible for him to raise the issue again in his motion to vacate the renewal of judgment.  He suggests this court engaged in improper factfinding during the prior appeal, and we should remand this matter to permit the facts to be developed and to let the trial court do the factfinding concerning "statute of limitations like § 337.5 and § 683.020."

" ' "The doctrine of 'law of the case' deals with the *effect of the first appellate decision on the subsequent retrial or appeal:* The decision of an appellate court, stating a rule of law necessary to the decision of the case, conclusively establishes that rule and makes it determinative of the rights of the same parties in any subsequent retrial or appeal in the same case." ' (*Morohoshi v. Pacific Home* (2004) 34 Cal.4th 482, 491 [20 Cal.Rptr.3d 890, 100 P.3d 433], some italics added.)  The doctrine 'precludes a party from obtaining appellate review of the same issue more than once in a single action.' [Citations.]" (*Aghaian v. Minassian* (2021) 64 Cal.App.5th 603, 612 (*Aghaian*).)

Like Interlandi, the appellant in *Aghaian* contended "the law of the case doctrine is irrelevant because it applies only to legal principles, whereas the question [at hand] is a factual issue. [Citation.]  Minassian is wrong.  As we explained in [the prior appeal], when 'the facts are not disputed, the effect or legal significance of those facts is a question of law . . . .' [Citation.]" (*Aghaian, supra*, 64 Cal.App.5th at p. 612.)

9

Here, it is undisputed that Pacific West's corporate powers were suspended when Pacific West filed an application to renew the judgment on September 1, 2016, before the judgment was set to expire. Although appellant ignores this fact, he does not and cannot dispute that the clerk of the court performed the ministerial act of entering a Renewal of Judgment on that same date. It is undisputed Pacific West achieved good standing with the Secretary of State during the pendency of the prior appeal and its corporate powers were revived.

This court has the same authority as does a trial court to take judicial notice of matters which are subject to judicial notice. (Evid. Code, § 459; *Lockley v. Law Office of Cantrell, Green, Pekich, Cruz & McCort* (2001) 91 Cal.App.4th 875, 881–882.) In our prior appeal, we could, and did, take judicial notice of the documents issued by the California Secretary of State and Franchise Tax Board as to the status of Pacific West's corporate powers and tax obligations. (See *El Escorial Owners' Assn. v. DLC Plastering, Inc.*, (2007) 154 Cal.App.4th 1337, 1367; Evid. Code, § 452.)

Based on the undisputed fact that Pacific West's corporate powers were revived during the first appeal, we held: "[W]e find the renewal of judgment to be valid despite the fact that Pacific West's corporate powers were suspended at the time of renewal. Just as in [*Peacock Hill Assn. v. Peacock Lagoon Constr. Co.* (1972) 8 Cal.3d 369 (*Peacock Hill*)] and [*Bourhis v. Lord* (2013) 56 Cal.4th 320 (*Bourhis*)], the previously invalid action was validated once Pacific West received its certificate of reviver from the Secretary of State. Like *Bourhis*, Pacific West's corporate powers were suspended at the time it filed its renewal of judgment. Now that it has been revived, the renewal of judgment

10

is validated even though the revival occurred after the time to renew the judgment had passed.  Although the *Peacock Hill* and *Bourhis* courts addressed corporation suspensions for failure to pay taxes and not corporate suspension for failure to file a statement of information, we see no reason to exclude this situation from their holdings.

"*Timberline,* [*Inc. v. Jaisinghani* (1997) 54 Cal.App.4th 1361], the case relied upon by Interlandi, is distinguishable.  There, the court held a suspended corporation which had not revived its powers may not take advantage of California's legal processes for renewing a judgment.  (*Id.* at p. 1363.)  However, the *Timberline* court specifically noted that the corporation could have avoided the result by reviving itself.  (*Id.* at p. 1369.)  Here, Pacific West's corporate powers have been revived.  Accordingly, its renewal of the judgment against Interlandi was validated.  Interlandi's motion to dismiss and request to vacate the renewal of judgment is denied."  (*Pacific West*, *supra*, B278422.)

In his petition for rehearing in the prior appeal, Interlandi raised the legal claim he attempts to make again on this appeal: the statute of limitations is a substantive defense and so the judgment cannot be revived if it expires while a party's corporate powers are suspended.  (See, e.g. *Leasequip, Inc. v. Dapeer* (2002) 103 Cal.App.4th 394, 403 [" 'If the statute of limitations runs out prior to revival of a corporation's powers, the corporation's actions will be time barred even if the complaint would otherwise have been timely.' "].)

11

We denied the petition for rehearing.  In our prior opinion, we held that renewal of judgment is akin to the filing of the notice of appeal considered in *Peacock Hill* and *Bourhis,* which is a procedural act.  To clarify, implicit in our holding is a finding that section 683.020 is not a statute of limitations.  Section 683.020 is part of the larger comprehensive Enforcement of Judgments Law and provides a period during which an existing judgment may be enforced pursuant to that law.  Put differently, it provides permission for the judgment creditor to enforce the judgment for a period of time, which is extended upon application.  (See *Benton v. County of Napa* (1991) 226 Cal.App.3d 1485, 1491–1492 [extension of one-year use permit for construction and operation of winery obtained while party's corporate powers were suspended was a procedural act; use permit's one-year period was not similar to a statute of limitations].)

In contrast, section 337.5 applies to a new independent action on a judgment and is a true statute of limitations.  Section 337.5 provides that an action upon a judgment be brought "within 10 years."  This case, however, does not involve an independent action on a judgment, which is a new action.  (See *Kertesz v. Ostrovsky* (2004) 115 Cal.App.4th 369, 377.)  Thus, the ability or inability of Interlandi to assert a section 337.5 statute of limitations defense has no relevance to this case.

In his reply brief, Interlandi suggests for the first time that this matter should be remanded to provide an "opportunity for the parties to engage in discovery and to expose inaccuracies and deception of the other."  We do not ordinarily consider arguments made for the first time in a reply brief.  (*United Grand Corp. v. Malibu Hillbillies, LLC* (2019) 36 Cal.App.5th 142, 158.)

12

Interlandi relatedly contends "the evidence and the facts unearthed at the Trial Court level reveal that the estoppel argument of 'dirty trick' accusation made should result in a finding that is at odds with the statute of limitations like expiration of a judgment."  Although this argument is difficult to understand, it too appears to be an argument first raised in the reply brief.  Significantly, Interlandi provides no record cites for this evidence and does not provide any context for his claim of " 'dirty trick' accusation."  " 'In order to demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record.' [Citation.]  . . . 'We are not obliged to make . . . arguments for [appellant] [citation], nor are we obliged to speculate about which issues counsel intend to raise.'  [Citations.]  We may and do 'disregard conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt.' " (*Id.* at p. 153.)

In sum, Interlandi has not shown that it is probable he would have succeeded on the merits of his motion to vacate renewal of the judgment against him.

## DISPOSITION

The trial court's order is affirmed.  Costs are awarded to respondent Pacific West Group, Inc.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**


STRATTON, J.

We concur:


GRIMES, Acting P. J.


WILEY, J.